IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AILEEN CANTA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-CV-2126-E-BW |
| | § | |
| RAHEEL BHAI, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Construing Plaintiff Aileen Canta's Request to Reopen and Reinstate Case Dismissed Without Prejudice, received on December 23, 2025 (ECF No. 16), as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), the Court **DENIES** the motion for the reasons stated below.

### I.  BACKGROUND

On August 5, 2025, the Court received a filing from Plaintiff that consisted of correspondence, several form motions used in Texas state courts, filings from a closed federal criminal case from this Court, employment-related records, and various reports. *See* ECF No. 3. By Notice of Deficiency and Order dated October 9, 2025, Plaintiff was notified that her filing failed to comply with Federal Rule of Civil Procedure 8(a) and that she had not paid the $405 filing fee for a civil case or submitted a request to proceed *in forma pauperis* ("IFP"). *See* ECF No. 7. The Court therefore ordered her to complete an amended complaint that complied with Rule 8(a) and to either pay the $405 filing fee or file an appropriate IFP application by October 30, 2025. *See id.*  The order specified—by title and website address—the appropriate form complaint and IFP application to be completed by Plaintiff. *See id.*

Because Plaintiff did not comply with the October 9 order, it was recommended on November 4, 2025 that the case be dismissed without prejudice under Federal Rule of Civil Procedure 41(b). *See* ECF No. 11.  In response to the recommendation, Plaintiff filed a letter

requesting reinstatement of the case and citing mail delivery issues; her response did not include the amended complaint, filing fee, or IFP application previously ordered by the Court. *See* ECF No. 13. On December 12, 2025, the Court accepted the recommendation and dismissed the case without prejudice under Rule 41(b). *See* ECF No. 15.

Plaintiff now seeks reinstatement of the case, arguing that "the dismissal was based on procedural deficiencies stemming from my non-receipt of court notices rather than the merits of my claims." ECF No. 16.

## II. FED. R. CIV. P. 59(e)

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b). The rule under which the motion is considered is based on when the motion was filed." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Because Plaintiff's filing was received within 28 days of the dismissal of this case, it is properly evaluated as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 59(e).

Reconsideration under Rule 59(e) "is an extraordinary remedy that should be used sparingly." *Edionwe v. Bailey*, 860 F.3d 287, 295 (5th Cir. 2017) (citation and quotation marks omitted). A Rule 59(e) motion serves the very narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. *See id.* at 294. When considering a Rule 59(e) motion, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Plaintiff seeks reinstatement of this case based on the alleged misdelivery of Court filings sent to the address she provided to the Court. *See* ECF No. 16. The Court notes, however, that Plaintiff was in receipt of the Court's October 9 order and November 4 recommendation of

2

dismissal prior to the dismissal of this case. *See* ECF Nos. 13-14. Yet, she did not submit a filing fee or either of the filings specified in the order and the recommendation. The record in this case shows that the grounds for dismissal of this action—Plaintiff's failure to file an amended complaint that complies with Rule 8(a) and to either pay the filing fee or file the IFP application specified in the October 9 order—remain unremedied. Plaintiff therefore fails to show that Rule 59(e) relief is warranted on this basis.[1]

Plaintiff has failed to identify any manifest errors of law or fact, newly discovered evidence, or other extraordinary circumstance justifying alteration of the dismissal of this case. She therefore has provided insufficient grounds to justify relief under Rule 59(e), and her construed Rule 59(e) motion is denied.

### III.  CONCLUSION

Plaintiff's Request to Reopen and Reinstate Case Dismissed Without Prejudice, received on December 23, 2025 (ECF No. 16), construed as a Rule 59(e) motion, is **DENIED**.

Based on this denial, the Court also **DENIES AS MOOT** Plaintiff's short form IFP application, received on January 13, 2026 (ECF No. 17).

**SO ORDERED.**

May 7, 2026.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE

---

[1] Although Plaintiff subsequently submitted an IFP application on January 13, 2026, it is not the IFP application identified by name and to which she was directed in the October 9 order. *See* ECF No. 17.

3